NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4129-14T4

U.S. BANK, N.A. as trustee relating
to the Chevy Chase Funding LLC
Mortgage Backed Certificates,
Series 2004-3,

 Plaintiff-Respondent,

v.

JOSEPH ILAN CEASAR and ANDREA
CEASAR, his wife, and each of their
heirs, devisees, and personal
representatives, and his, her,
their or any of their successors
in right, title and interest,

 Defendants-Appellants.
_____________________________________________

 Submitted January 18, 2017 – Decided August 7, 2017

 Before Judges Suter and Guadagno.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Bergen County, Docket No.
 F-018702-14.

 Joseph H. Neiman, attorney for appellants.

 McCarter & English, LLP, attorneys for
 respondent (Joseph Lubertazzi, Jr., of
 counsel; Sheila E. Calello and Danielle
 Weslock, on the brief).
PER CURIAM

 Defendants Joseph Ilan Ceasar and Andrea Ceasar appeal from

a final judgment of foreclosure entered on April 22, 2015. On

appeal, defendants, who are husband and wife, do not contest

that they have defaulted on the loan and received notice of the

default. Rather, they argue that the notice of foreclosure was

deficient and plaintiff, U.S. Bank National Association, lacked

standing to foreclose. Finding no merit to any of defendants'

arguments, we affirm.

 On March 21, 2003, defendants executed a note in favor of

Chevy Chase Bank, F.S.B. (CCB), for repayment of a loan in the

amount of $507,000. The note was secured by a mortgage on real

property located at 124 Madison Avenue, Englewood, in favor of

Mortgage Electronic Registration Systems, Inc., as nominee for

CCB. The mortgage was recorded in the Bergen County Clerk's

Office on March 31, 2003.

 In September 2004, plaintiff acquired the loan. CCB

continued to service the loan and in December 2004, it sent the

original note to plaintiff's document custodian, U.S. Bank

Global Trust Services (USB).

 Beginning in December 2008, defendants failed to pay the

monthly mortgage or the real estate taxes for the mortgaged

property. On January 14, 2009, CCB sent defendants notice of

 2 A-4129-14T4
default and of its intention to foreclose. In June 2009, CCB

commenced a foreclosure action against defendants represented by

McCabe, Weisberg & Conway, P.C. (McCabe Firm). Defendants

participated in the action and sought discovery. In July 2009,

CCB merged with Capital One, National Association (CONA). In

December 2009, CONA obtained the original note from USB and

forwarded the note to the McCabe Firm, but the firm has no

record of ever receiving the note. For reasons not apparent in

the record before us, the first foreclosure action was dismissed

in June 2013.

 On October 23, 2013, CONA sent defendants a notice of

default and intent to foreclose by regular and certified mail.

In May 2014, plaintiff filed the current foreclosure action.

Defendants filed an answer containing thirty-three affirmative

defenses. Plaintiff moved to strike defendants' answer and

affirmative defenses and sought summary judgment. On January 9,

2015, after hearing oral argument, the motion judge struck

defendants' answer and defenses, deemed the matter uncontested,

and granted plaintiff's motion for summary judgment.

 Defendants' first argument is that the October 23, 2013

notice of foreclosure fails to comply with the loan documents

and the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to -68,

because it was issued by CONA who was not the original "note

 3 A-4129-14T4
holder," and it "does not state when it was mailed, which is the

only operative date under the [m]ortgage and FFA."

 Plaintiff's summary judgment motion relied on the affidavit

of CONA employee, Stephen Witkop, who administered loans in

default and was fully familiar with the records in this matter.

 The purpose of a notice of intention to foreclose is to

provide "timely and clear notice to homeowners that immediate

action is necessary to forestall foreclosure." US Bank Nat.

Ass'n v. Guillaume, 209 N.J. 449, 470 (2012). We are satisfied

that the October 23, 2013 notice fulfilled all of the

requirements of N.J.S.A. 2A:50-56(c).

 After carefully reviewing the record in light of the

parties' arguments, we conclude that defendants' remaining

arguments lack "sufficient merit to warrant discussion in a

written opinion." R. 2:11-3(e)(1)(E).

 Affirmed.

 4 A-4129-14T4